UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA JOAN FOSTER,

        Petitioner,

v.                                            Case No. 19-10705

SHAWN BREWER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD PETITION IN ABEYANCE**

Petitioner Victoria Joan Foster has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Foster, who is in the custody of the Michigan Department of Corrections, challenges her convictions for first-degree child abuse, Mich. Comp. Laws § 750.136b(2), torture, Mich. Comp. Laws § 750.85, and involuntary manslaughter, Mich. Comp. Laws § 750.321. Now before the court is Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance." (ECF No. 9.)

**I.  BACKGROUND**

A jury in Wayne County Circuit Court convicted Petitioner as set forth above. On November 10, 2015, she was sentenced to 27 to 50 years for the first-degree child abuse and torture convictions and 5 to 15 years for the involuntary manslaughter conviction. On June 29, 2017, the Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Foster*, No. 331148, 2017 WL 2821737 (Mich. Ct. App. June 29, 2017). The Michigan Supreme Court denied leave to appeal because it was "not

persuaded that the questions presented should be reviewed by [the] Court." *People v. Foster*, 501 Mich. 977 (Mich. Feb. 20, 2018).

Petitioner then filed this habeas corpus petition challenging her convictions on the grounds that: the trial court was biased in favor of the prosecution; the torture and first-degree child abuse convictions were based upon insufficient evidence; the trial court's failure to excuse a juror for religious reasons denied Petitioner a fair trial and counsel was ineffective in failing to use a peremptory challenge to strike the juror; and the jury instruction provided for torture denied Petitioner her rights to due process and a fair trial. (ECF No. 1.) Respondent filed an answer in opposition. (ECF No. 7.) Petitioner then filed a motion to stay proceedings to exhaust additional claims in state court, a motion for oral argument, and a motion to appoint counsel. (ECF Nos. 9-11.)

## II. DISCUSSION

Petitioner seeks a stay in this matter to allow her to raise unexhausted claims in state court. She seeks to exhaust several ineffective assistance of trial counsel claims and an ineffective assistance of appellate counsel claim. The court will grant Petitioner's motion.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's claim that her appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this case while Petitioner pursues state remedies.

The court will stay the case and allow Petitioner to exhaust her state court remedies pursuant to the terms described below. Any failure on the part of Petitioner to comply with these terms could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

### III. CONCLUSION

IT IS ORDERED that Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" (ECF No. 9) is GRANTED.  This case is STAYED.  The Clerk of the Court is DIRECTED to administratively close this case.  Petitioner shall commence post-conviction proceedings in state court within 90 days of the date of this order.  If Petitioner is unsuccessful in state court and wishes to return to federal court, she must file an amended habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order.  The amended petition and motion to lift the stay must be filed within 90 days of exhausting state remedies.

IT IS FURTHER ORDERED that Petitioner's "Motion for Oral Argument" (ECF No. 10) and "Motion to Appoint Counsel" (ECF No. 11) are DENIED WITHOUT PREJUDICE.  Petitioner may refile these motions if and when she seeks to reopen this proceeding.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 31, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2020, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-
10705.FOSTER.MotiontoStayProceedingsandHoldPetitioninAbeyance.MBC.RMK.docx